**IN THE UNITED STATES BANKRUPTCY COURT FOR**
**THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 17-02396 EAG |
| DELMARIE FE ADELAIDA RIVERA FERNANDEZ, | CHAPTER 11 |
| DEBTOR. | FILED & ENTERED ON 11/8/2017 |

**OPINION AND ORDER**

On April 5, 2017, debtor Delmarie Fe Rivera Fernandez ("Ms. Rivera") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.[1] (Docket No. 1.) The debtor included in schedule A/B a commercial property in San Juan, Puerto Rico, valued at $900,000.00. (Docket No. 20.)

On April 20, 2017, Banco Santander Puerto Rico filed a motion to lift stay. (Docket No. 14.) The bank asserted that it is the owner of the San Juan property, having completed pre-petition foreclosure proceedings. Id. Santander sought an order from the court lifting the stay in order to allow eviction proceedings to continue. Id. In her opposition, the debtor conceded that a deed of judicial sale was executed on August 17, 2016, but argued that title to the property did not transfer to the bank at that time due to a procedural defect during the foreclosure process, namely that the bank did not obtain an order confirming

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. §§101-1532, as amended. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Federal Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

1

the judicial sale from the local court, as required by the Puerto Rico Real Estate Registry Act of 2015 (the "Registry Act"). (Docket No. 18); see P.R. Laws Ann. tit. 30, § 6001, et seq.

The court was not persuaded by the debtor's argument. At a hearing held on May 19, 2017, the court found that:

> Based on the fact that the [deed of] judicial sale was executed on 8/17/2016, which transferred title of the property to the bank, the motion for relief from stay filed by Banco Santander (docket #14) is granted. See 32A L.P.R.A. Ap. V, R. 51.7(d); 30 L.P.R.A. § 6149. The automatic stay is modified to allow Banco Santander to complete the legal proceedings in local court as to the real property.

(Docket No. 27.)

On June 2, 2017, the debtor moved for reconsideration of the court's order, and the bank has since opposed. (Docket Nos. 31 & 39.) For the reasons stated below, the court denies the debtor's motion.

Generally, a motion for reconsideration under Federal Rule 59(e), made applicable under Bankruptcy Rule 9023, can be brought only to "correct manifest errors of law, present newly discovered evidence, or when there is an intervening change in law." Jimenez-Gonzalez v. Rubio, 2012 U.S. Dist. LEXIS 135758, *3-*4 (D.P.R. Sept. 21, 2012) (citing Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir. 2008)). "The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (citations omitted). Such motions cannot be used to re-litigate matters already decided by the court. See Rubio, 2012 U.S. Dist. LEXIS 135758, at *3; Marks 3-Zet-Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006) ("A motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new

2

evidence or advance new arguments that could or should have been presented to the . . .

court prior to judgment.")

In her motion for reconsideration, the debtor reiterates her prior argument that the

deed of judicial sale did not serve to transfer title to Banco Santander because the bank

never obtained an order confirming the judicial sale from the local court.  (Docket No. 31.)

It is well settled that under Rule 51.7(d) of the Puerto Rico Rules of Civil Procedure of 2009,

title to a property is transferred upon the execution of the deed of judicial sale.  P.R.  Laws

Ann., tit. 32A, Ap. V, R. 51.7(d).  The debtor argues, however, that the Registry Act "tacitly"

repealed this rule by adding the requirement that following a judicial sale, the local court

must, at a party's request, verify that the correct procedures were followed and issue an

order so stating within 10 days.  (Docket No. 31 at pp. 5-6.)  Article 107 of the Registry Act

states that without this confirmation order, a judicial sale cannot be recorded in the

property registry.  P.R. Laws Ann., tit. 30, § 6144.  This article concludes by stating that "[i]f

the local court does not finally confirm the adjudication or sale, the same will remain

without effect or legal validity, returning the price paid to the buyer."(translation ours)  Id.

The debtor reads this provision to mean that without a confirmation order, the judicial sale

is void.  (Docket No. 31 at p. 5.)  And, since it is uncontested that the bank has not, to date,

obtained a confirmation order from the local court, the debtor argues that the San Juan

property remains hers.  Id.

At the outset, the court already considered and rejected this argument at the May

19, 2017 hearing.  (Docket Nos. 25 & 27.)  The motion for reconsideration is therefore

denied on this basis.  See Rubio, 2012 U.S. Dist. LEXIS 135758, at *3; In re Hacienda Anna

3

Coffee Estate, Inc., 2013 Bankr. LEXIS 1064, at *7 (Bankr. D.P.R. Mar. 19, 2013) (" [Federal] Rule 59(e) is not to be used to reassert arguments and theories previously rejected by the Court.")

Furthermore, as explained during the May 19th hearing, the Registry Act, as amended, makes clear that the confirmation order is not required to execute the deed of judicial sale. P.R. Laws Ann. tit. 30, § 6149 ("The order confirming the adjudication or sale of the mortgaged properties provided in Sec. 6144 of this title shall not be required prior to the execution of the public deed of transfer by the marshal of the mortgaged properties to the successful bidder or buyer, but for them to be able to be recorded.")(translation ours). Rather, it is a supporting document that facilitates the recordation process. See, Reglamento General para la Ejecución de la Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico, R. 112.1("the certified copy of the confirmation order of sale or adjudication is the only complementary document that will accompany the deed of judicial sale") (translation ours). Furthermore, to the extent that the final sentence of Article 107 creates some ambiguity as to whether the failure to obtain a confirmation order voids the judicial sale, the *Statement of Motives* for the 2016 amendment to the Registry Act explicitly states that the purpose of the amendment was "to make it very clear that the confirmation order is not a prerequisite for the execution of the deed of transfer by the marshal." (translation ours); see In re Hernandez, 487 B.R. 353, 362 (Bankr. D.P.R. Jan. 25, 2013) ("[a] court should look beyond the language of the statute for interpretive guidance only where the language of the statute is ambiguous" and "a statute is ambiguous

if it allows for more than one reasonable interpretation.") (quoting <u>Coffin v. eCast Settlement Corp. (In re Coffin)</u>, 435 B.R. 780, 785 (B.A.P. 1st Cir. 2010)).

With this in mind, a review of Article 107 in its entirety makes clear that the final sentence of this article refers to instances where a local court declines to issue a confirmation order after finding a procedural defect in the judicial sale process, not to where–as here–no party has requested a confirmation order in the first place.  30 P.R. Laws Ann. tit. 30, § 6144.  Finally, the court notes that it has not found evidence of Rule 51.7(d) being "tacitly" repealed by Puerto Rico courts following the enactment of the Registry Act in 2015, or its amendment in 2016.  <u>See</u>, <u>e.g.</u>, <u>Oriental Bank Sustituido por Triangle Reo PR Corp. v. Clinica Estabilizadora De Salud Mental De Aguadilla, Inc.</u>, No. A CD2014-0139, 2017 WL 2463088, at *7 (P.R. Cir. Apr. 19, 2017) (citing to Rule 51.7 for the  procedures governing judicial sales).

Accordingly, absent a showing of manifest error by this court, newly discovered or previously unavailable evidence, manifest injustice, or an intervening change in controlling law that warrants reconsideration, the motion for reconsideration at docket number 31 is denied.

SO ORDERED.

In Ponce, Puerto Rico, this 8th day of November, 2017.

Edward A. Godoy
U.S. Bankruptcy Judge